UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ACCIDENT FUND INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CUSTOM MECHANICAL CONSTRUCTION, INC. and DANNY COPE, | ) ) ) ) |
| Defendants. _____ | ) ) ) |
| CUSTOM MECHANICAL CONSTRUCTION, INC., | ) ) ) |
| Counter-Plaintiff, | ) 3:16-cv-00251-RLY-MPB ) ) |
| vs. | ) ) |
| ACCIDENT FUND INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Counter-Defendant. _____ | ) ) ) |
| CUSTOM MECHANICAL CONSTRUCTION, INC., | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| SCHULTHEIS INSURANCE AGENCY, INC. and JAMES LEE SUBLETT, | ) ) ) |
| Third-Party Defendants | ) |

1

Case 3:16-cv-00251-RLY-MPB   Document 64   Filed 08/07/17   Page 2 of 3 PageID #: 468

**ORDER ON CMC'S MOTION TO EXCLUDE**

Accident Fund Insurance Company of America ("AFICA") has moved to dismiss the Amended Counterclaim filed by Custom Mechanical Construction, Inc. ("CMC") pursuant to Federal Rule of Civil Procedure 12(b)(6). AFICA attached a letter to its opening brief–specifically, a letter from the Acting Commissioner of the Kentucky Department of Workers' Claims to the Administrative Law Judge presiding over a related workers' compensation case. Enclosed with the letter is a Certification of No Coverage (collectively, "Exhibit A"). CMC now moves to exclude Exhibit A because it is outside of the pleadings. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

AFICA opposes the motion, arguing that the court can take judicial notice of Exhibit A because it is a public record. *See Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned."). The court agrees that this is a public record, and CMC does not challenge its authenticity. Thus, the court takes judicial notice of the fact that the letter and certification were filed in the administrative case.

To be clear, the findings and conclusions in Exhibit A are disputed, and they go to the heart of this case. Accordingly, the court does not accept the facts contained within these documents as true. *See CMFG Life Ins. Co. v. RBS Sec.*, No. 12-cv-037-wmc, 2013 U.S. Dist. LEXIS 116933, at *4 n.2 (W.D. Wis. Aug. 19, 2013) (after taking judicial

notice of a company's annual financial reports, noting, "The court does not necessarily take judicial notice of the truth and accuracy of all facts and figures listed within the reports. Unlike stock prices, the mere fact that this information is 'in the public record' is not a sign that it is indisputably true . . .") (citation omitted); *Apple, Inc. v. Motorola Mobility, Inc.*, No. 11-cv-178-bbc, 2012 U.S. Dist. LEXIS 181854, at *25 (W.D. Wis. Oct. 29, 2012) (after granting a motion for judicial notice, adding, "I am not taking judicial notice of the truth or accuracy of the facts, opinions or decisions contained within the documents. I am taking judicial notice that the contents of these documents are contained in the public record or were filed in related proceedings"). *Accord Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (quotation marks omitted).

   Therefore, CMC's Motion to Exclude (Filing No. 49) is **DENIED**.

**SO ORDERED** this 7th day of August 2017.

                        _____
                       RICHARD L. YOUNG, JUDGE
                       United States District Court
                       Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.